904 F.2d 707
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lonnie JONES, Plaintiff-Appellant,
v.
GENERAL MOTORS CORPORATION, PACKARD ELECTRIC DIVISION,
Defendant-Appellee.
 No. 89-3813.
 United States Court of Appeals, Sixth Circuit.
 June 6, 1990.
 
 Before KRUPANSKY and MILBURN, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Lonnie Jones, a pro se Ohio litigant, appeals the judgment of the district court dismissing his cause of action filed pursuant to 42 U.S.C. Sec. 2000e-5. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Jones brought suit against General Motors Corporation (hereinafter G.M.) alleging that G.M. violated 42 U.S.C. Sec. 2000e-5 (Title VII) by suspending and demoting him from his salaried position to one earning an hourly wage. Jones claimed that he was the victim of racial and sex discrimination. He also obliquely referred to the possibility that G.M. retaliated against him because of his involvement with a minority action committee.
 
 
 3
 The district court granted G.M.'s motion for summary judgment.
 
 
 4
 On appeal, Jones reasserts that he was wrongfully demoted and the victim of retaliation.
 
 
 5
 The district court found that Jones had set out a prima facie case but failed to show that G.M.'s asserted legitimate justification for its actions was a pretext for discrimination. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05 (1973); Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981).
 
 
 6
 General Motors established through an investigation that two women accused Jones of sexually harassing them. The results of this investigation provided a nondiscriminatory reason for demoting Jones. Jones, on the other hand, failed to show the articulated reason to be pretextual. Therefore, there is no showing that G.M. had a discriminatory or retaliatory motive.
 
 
 7
 Accordingly, for the reasons set forth in the district court's memorandum of opinion dated 31 July 1989, the grant of summary judgment in favor of General Motors is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.